Case No. 8:18-cv-01965-JLS-JDE                              Date: February 07, 2019
Title: Saira Arias v. Follet Higher Education Corporation et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                    N/A
  Deputy Clerk                                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                    Not Present

**PROCEEDINGS:**  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 13) AND DISMISSING DEFENDANT LYDIA BOUZIDA

    Before the Court is a Motion to Remand brought by Plaintiff Saira Arias. (Mot., Doc. 13.) Defendants Follett Higher Education Group Inc. ("Follet") and Lydia Bouzida opposed. (Opp., Doc. 20.) Plaintiff replied. (Reply, Doc. 21.) The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for February 8, 2019, at 10:30 a.m., is removed from the calendar. For the reasons given below, the Court DENIES Plaintiff's Motion.

**I.    Background**

    On September 7, 2018, Plaintiff filed this lawsuit in Orange County Superior Court against her former employer, Follet, and her former supervisor, Bouziga. (Compl., Doc. 1-2.) The Complaint alleges that Plaintiff was employed by Follet since 2007. (*Id.* ¶ 1.) In February 2017, Plaintiff went on maternity leave. (*Id.* ¶ 3.) Plaintiff alleges that she began to experience disabling hyperthyroid symptoms in March 2017 that prevented her from returning to work. (*Id.*) She alleges that she communicated the advent of her condition to Defendants, including a physician's note. (*Id.*) Plaintiff was ultimately placed on long-term disability leave on July 31, 2017. (*Id.* ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01965-JLS-JDE                                  Date: February 07, 2019
Title: Saira Arias v. Follet Higher Education Corporation et al.

Plaintiff further alleges that, during the course of her leave, Defendants repeatedly required her to provide additional documentation regarding her medical condition and ability to return to work. (*Id.* ¶¶ 3, 87.) Plaintiff allegedly complied with such requests, including supplying a May 8, 2018 physician's note that indicated Plaintiff would not be able to return to work until August 1, 2018. (*Id.* ¶ 7.) Plaintiff alleges that, nevertheless, she was terminated on May 18, 2018 for "failure to return to work." (*Id.* ¶ 8.)

The Complaint lists nine state law causes of action: (1) disability discrimination under Cal. Gov. Code § 12940(a); (2) failure to engage in an interactive process under Cal. Gov. Code § 12940(n), (3) retaliation under Cal. Gov. Code § 12940(h); (4) failure to prevent discrimination or harassment under Cal. Gov. Code § 12940(k); (5) interference of employee rights under Cal. Gov. Code § 12945.2(t); (6) retaliation under Cal. Gov. Code § 12945.2(l)(1); (7) hostile work environment under Cal. Gov. Code § 12940(j); (8) wrongful termination in violation of public policy; and (9) intentional infliction of emotional distress.

Defendants accepted service of process on October 2, 2018. (Woods Decl., Doc. 6 ¶ 4; Acknowledgments of Receipt, Docs. 1-4 and 1-5.) On November 1, 2018, Defendants filed a Notice of Removal to this Court. (NOR, Doc. 1.) The Notice of Removal asserts federal diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (*Id.* at 1.) Follet is both incorporated and has its principal place of business in Illinois. (*Id.* ¶¶ 9-11; Lee Decl., Doc. 8 ¶¶ 3-6.) The Complaint alleges that Plaintiff and Bouziga are both California citizens. (Compl. at 2.) In their Notice of Removal, however, Defendants insist that Bouzida is a fraudulently joined "sham" defendant against whom none of Plaintiff's asserted causes of action can be maintained and, therefore, whose citizenship should be discounted for purposes of diversity jurisdiction. (NOR ¶¶ 12-15.) Plaintiff now moves to remand the case to state court. (Mot. at 1.)

## II.      Legal Standard

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), 'one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01965-JLS-JDE                                              Date: February 07, 2019
Title: Saira Arias v. Follet Higher Education Corporation et al.

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). That is, a fraudulently joined "sham" "defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

"In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). The Court's assessment of "disputed questions of fact" may look to the factual record beyond the pleadings. *Morris*, 236 F.3d at 1067; *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339 ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Plaintiff's evidentiary burden is low, however; "[t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability." *Flores v. ABM Industry Groups, LLC*, No. 8:18-CV-01483-JLS-KES, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018). Rather, the plaintiff need only show that there are some facts—even if disputed—that support a conceivable legal theory of liability against the non-diverse defendant. *Id.*; *Ritchey*, 139 F.3d at 1318 (noting the key inquiry is "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants . . . [and not] an inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01965-JLS-JDE                                    Date: February 07, 2019
Title: Saira Arias v. Follet Higher Education Corporation et al.

### III.    Discussion

The parties dispute whether Bouzida may be held individually liable for any of Plaintiff's asserted causes of action. Plaintiff avers that California law permits recovery against individual supervisors and managers for Plaintiff's hostile work environment and intentional infliction of emotional distress claims.[1] (Mot. at 6.) Specifically, Plaintiff argues that Bouzida's requests for additional medical leave paperwork and other contact during Plaintiff's leave of absence supports claims for individual liability. (Mot. at 7; Reply at 3.)

In a recent case with similar allegations and asserted causes of action, a court in this district held the supervisor to be a sham defendant, finding that the supervisor's *de minimis* contacts with the employee during the employee's leave did support any theory of liability for hostile work environment or intentional infliction of emotional distress claims. *Tipton v. Airport Terminal Services, Inc.*, 2019 WL 185687, at *5-*7 (C.D. Cal. Jan. 14, 2019). Here, however, the Court need not go so far because, even assuming Plaintiff's legal theories are viable, Plaintiff has offered *no facts* to support these claims, in the Complaint or otherwise.

The Complaint attributes all alleged misconduct to undifferentiated "Defendants." Indeed, Bouzida's name appears in the Complaint only with regard to the allegation of her California citizenship. (Compl. at 2.) Nothing in the Complaint suggests that any of the alleged unlawful actions were undertaken by Bouzida, much less by Bouzida in her individual capacity.

---

[1] Plaintiff's Motion indicates that she is also seeking individual liability against Bouzida for wrongful termination in violation of public policy. (Mot. at 6.) However, Plaintiff provides argument only as to her hostile work environment and intentional infliction of emotion distress claims. (Mot. at 7-8; Reply at 2-4.) Moreover, any claim against Bouzida for wrongful termination in violation of public policy is obviously foreclosed by well-settled California law. *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 900 (2008) ("An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which *an employer* commits that tort."). Therefore, the Court addresses only Plaintiff's arguments regarding her hostile work environment and intentional infliction of emotion distress claims.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01965-JLS-JDE	Date: February 07, 2019
Title: Saira Arias v. Follet Higher Education Corporation et al.
_____

Defendants, on the other hand, submit: (1) a declaration from Bouzida, attesting that she did not contact Plaintiff during Plaintiff's leave and was not involved in any action against Plaintiff (Bouzida Decl., Doc. 20-1 ¶¶ 5-8); (2) a declaration from Lilia Johnston, an HR Specialist at Follet, attesting to her and other HR personnel's interactions with Plaintiff during the time period at issue (Johnston Decl., Doc. 20-2 ¶¶ 4-7); and (3) a number of corroborating correspondences between Plaintiff and Johnston (Exs. 1-3 to Bouzida Decl.; Exs. 1-2 to Johnston Decl.). This evidence demonstrates that all contact initiated with Plaintiff while she was on leave and all actions against her were undertaken by HR staff located at Follet's Illinois headquarters without Bouzida's involvement.

Plaintiff submits no evidence to dispute Defendants' version of the facts.[2] Moreover, as noted above, the allegations in the Complaint do not sufficiently attribute any conduct to Bouzida (even assuming such conduct is actionable).

More than merely attacking the *sufficiency* of the allegations against Bouzida, as would be appropriate only on a motion to dismiss, Defendants "submit facts showing that [the] resident defendant had 'no real connection with the controversy'" at all. *Ritchey*, 139 F.3d at 1318 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Plaintiff does not meaningfully contest this characterization of the facts. Thus, the Court finds that there are no "disputed questions of fact" that, if "resolved in the plaintiff's favor," could support any of Plaintiff's claims for individual liability against Bouzida. *Nasrawi*, 776 F. Supp. 2d at 1169. Accordingly, Bouzida is a sham defendant, and Defendants' removal under 28 U.S.C. §§ 1332, 1441, and 1446 was proper.

### IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion is DENIED.

Initials of Preparer: tg

___

[2] Indeed, Plaintiff did not submit any evidence at all with her Motion or Reply.